# In the United States District Court
## For the Southern District of Georgia
## Brunswick Division

JAVIER ROSALES,                        *
                                       *
      Plaintiff,          *          CIVIL ACTION NO.: 2:15-cv-94
                                       *
  v.                                   *
                                       *
HARRELL WATTS; RAYMOND E. HOLT;        *
SUZANNE R. HASTINGS; JOHN V.           *
FLOURNOY; KEN HARRIS, JR.; and SAM     *
KIRCHOFF ,                             *
                                       *
      Defendants.          *

## O R D E R

Presently before the Court is the Magistrate Judge's January 4, 2016, Report and Recommendation, dkt. no. 8, to which Plaintiff has filed Objections, dkt. no. 14. Additionally, Plaintiff has filed a Notice Regarding his Amended Complaint, dkt. no. 18, and a Notice of Related Cases, dkt. no. 19. The Court **DIRECTS** the Clerk of Court to file Plaintiff's proposed Complaint, dkt. no. 15-1, on the docket of this case as Plaintiff's Amended Complaint. Additionally, after an independent and *de novo* review of the record, including Plaintiff's Amended Complaint, the undersigned concurs with the Magistrate Judge's Report and Recommendation. Accordingly, the Report and Recommendation of the Magistrate Judge, as

supplemented herein, is hereby **ADOPTED** as the opinion of the Court. Moreover, the Court **DENIES** Plaintiff's request to consolidate this case with those listed in his Notice of Related Cases.

## BACKGROUND

Plaintiff, a prisoner at the Federal Correctional Institution in Jesup, Georgia, believes and practices the Santeria religion. Dkt. No. 1. Plaintiff alleges that Defendants have deprived him of the ability to practice his sincerely held religious beliefs. Id.

Pursuant to 28 U.S.C. § 1915A, the Magistrate Judge conducted the requisite frivolity review of Plaintiff's Complaint. Dkt. No. 8. The Magistrate Judge assessed Plaintiff's claims under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), and the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb. Id. In the resulting Report and Recommendation, the Magistrate Judge recommended that the Court dismiss Plaintiff's claims for monetary damages against Defendants in their official capacities and dismiss Plaintiff's Bivens claims for punitive and compensatory damages. Id. at pp. 8, 13-15.

However, the Magistrate Judge found that Plaintiff's allegations arguably state colorable RFRA claims for injunctive relief against Defendants in their official capacities and for

monetary damages and injunctive relief against Defendants in their individual capacities. Id. at pp. 8-11. Additionally, the Magistrate Judge concluded that Plaintiff stated viable Bivens claims for injunctive relief against Defendants in their official capacities and for nominal damages and injunctive relief against Defendants in their individual capacities. Id. at pp. 11-15.

Plaintiff filed Objections to the Magistrate Judge's Report and Recommendation on January 29, 2016. Dkt. No. 14. On that same date, Plaintiff also moved to amend his Complaint. Dkt. No. 15. Plaintiff attached a proposed Amended Complaint to his Motion. Dkt. No. 15-1. On February 9, 2016, the Magistrate Judge granted Plaintiff's Motion to Amend and directed Plaintiff to file any desired amended complaint within fourteen days. Dkt. No. 16. On March 7, 2016, Plaintiff filed a Notice to Clarify, stating that he only wanted to file the Amended Complaint attached to his Motion to Amend. Dkt. No. 18. In addition, Plaintiff filed a Notice of Related Cases on March 7, 2016. Dkt. No. 19. Therein, he listed two cases that fellow inmates had brought in this Court and asked that the Court consolidate those cases with this case. Id.

## DISCUSSION

### I. Plaintiff's Notice Regarding his Complaint

As detailed above, in response to the Magistrate Judge's Order granting Plaintiff leave to amend, Plaintiff represents that he only seeks to file the Complaint attached to his Motion to Amend. Dkt. No. 18. Accordingly, the Court hereby deems the Complaint amended. The Clerk of Court is **DIRECTED** to file Plaintiff's proposed Amended Complaint, dkt. no. 15-1, on the docket of this case as Plaintiff's Amended Complaint.

### II. Plaintiff's Notice Regarding Related Cases

In his Notice of Related cases, Plaintiff states that two cases filed by fellow inmates and Santeria practitioners are related to this case. Dkt. No. 19 (citing Perez v. Watts, et al., No. 2:15-cv-76 (S.D. Ga. June 25, 2015); Davila v. Watts, et al., No. 2:15-cv-171 (S.D. Ga. Dec. 8, 2015)). Plaintiff requests that the Court consolidate these cases with his case. Id.

A district court has authority to consolidate multiple actions if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a). Consolidation under Rule 42(a) "is permissive and vests a purely discretionary power in the district court." Young v. City of Augusta, 59 F.3d 1160, 1168 (11th Cir. 1995) (internal quotes omitted). In exercising that discretion, district courts must weigh the risk of prejudice and

confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions; the burden on the parties and the Court posed by multiple lawsuits as opposed to one; the length of time required to conclude multiple lawsuits as opposed to one; and the relative expense of proceeding with separate lawsuits if they are not consolidated. Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985). "District courts in this circuit have been urged to make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion." Young, 59 F.3d at 1169 (internal quotes omitted). The decision of whether to consolidate "is entirely within the discretion of the district court as it seeks to promote the administration of justice." Gentry v. Smith, 487 F.2d 571, 581 (5th Cir. 1973).[1]

Under these standards, consolidation of Plaintiff's action with those of his fellow inmates would be improper. The Court

---

[1] In Hubbard v. Haley, 262 F.3d 1194, 1196-97 (11th Cir. 2001), the Eleventh Circuit held that the Prison Litigation Reform Act prevents prisoners from joining claims of multiple prisoners in one lawsuit. There, the court dealt with Plaintiffs who sought to join their claims under Federal Rule of Civil Procedure 20 and thereby avoid paying the full filing fee. However, as some courts have observed, this ruling is not an impediment to consolidating related actions that were originally filed independently. Clay v. Rice, No. 01 C 50203, 2001 WL 1380526, at *2 (N.D. Ill. Nov. 5, 2001) (discussing Hubbard and stating, "While it might seem that requiring plaintiffs with similar claims to bring separate suits will work against Congress's purpose of reducing the burden of prisoner litigation on federal courts, local rules in this district (and presumably in other districts) permit related cases to be reassigned to a single judge, who may then apply Rule 41(a) of the Federal Rules to consolidate cases presenting common issues of law or fact, effectively treating them as a single suit.").

notes that at this stage, Plaintiff and his fellow inmates have raised common questions of law and fact. Indeed, they have filed nearly identical pleadings to date. Nonetheless, as this case progresses, the parties and the Court must focus not on legal principles in the abstract but instead on whether Plaintiff's individual rights have been violated. For example, the Supreme Court has observed that the test for whether a person's religious exercise is substantially burdened is not "whether the religious belief asserted in a RFRA case is reasonable." Burwell v. Hobby Lobby Stores, Inc., _____ U.S. at _____, 134 S. Ct. 2751, 2778 (2014). Instead, the Court must look to "whether the [government's rule] imposes a substantial burden on the ability of the objecting part[y] to conduct [himself] in accordance with [his] religious beliefs." Id. (emphasis omitted); see also Yellowbear v. Lampert, 741 F.3d 48, 55 (10th Cir. 2014) (noting that a burden is substantial when it "prevents the plaintiff from participating in an activity motivated by a sincerely held religious belief").

Additionally, several courts have found that allowing prisoner plaintiffs to proceed together in one action poses a litany of practical problems. See, e.g., Gentry v. Lawton Corr. Facility, No. CIV-14-310-W, 2014 WL 2712305, at *1 (W.D. Okla. May 13, 2014); Pinson v. Haynes, No. CIV. A. H-08-2237, 2008 WL 4857944, at *2 (S.D. Tex. Nov. 6, 2008) ("Among the concerns

noted are the possibility of inmate transfers, security, and the need for each individual plaintiff to represent himself and sign each pleading related to his claims."). Of primary concern is that Plaintiff and his fellow inmates cannot represent each other before the Court. Wallace v. Smith, 145 F. App'x 300, 302 (11th Cir. 2005). Thus, Plaintiff and his fellow inmates would have to each sign every document that they jointly filed. Fed. R. Civ. P. 11(a). Additionally, if one plaintiff filed a motion separately, he would then have to serve the other plaintiffs with that pleading. Fed. R. Civ. P. 5(a). Such timely communication between plaintiffs incarcerated in a large penal institution is impractical. Gentry, 2014 WL 2712305, at *1 ("Clearly, [the incarcerated proposed joint plaintiffs] are not in a position to efficiently and effectively confer with one another, review proposed pleadings, and then sign them within the court's deadlines."). Given these practical problems, consolidation would likely cause, not prevent, delay and inefficiency.

For these reasons, the Court **DENIES** Plaintiff's request to consolidate this lawsuit with the cases of his fellow inmates and Santeria practitioners at this time.

### III. The Magistrate Judge's Report and Recommendation and Screening of Plaintiff's Amended Complaint

In the Report and Recommendation, the Magistrate Judge correctly stated and applied the law pertinent to the screening of Plaintiff's claims. The Court need not restate that analysis herein. However, Plaintiff has raised additional issues in his Amended Complaint and his Objections, which the Court addresses below.

#### A. Bivens Claims for Compensatory and Punitive Damages

The Magistrate Judge concluded that Plaintiff stated cognizable claims that Defendants violated the RFRA and that, at this stage, Plaintiff's claims for both monetary damages and injunctive relief should proceed under the RFRA. Dkt. No. 8, pp. 8—11. The Magistrate Judge also concluded that Plaintiff's Bivens claims under the Free Exercise Clause of the First Amendment and the Equal Protection Clause of the Fourteenth Amendment should survive frivolity review. Id. at pp. 11–12. However, the Magistrate Judge recommended that the Court limit the damages available to Plaintiff on his Bivens claims. Specifically, the Magistrate Judge concluded that, because Plaintiff did not allege he suffered any physical injury, 42 U.S.C. § 1997e(e) barred him from recovering any compensatory or punitive damages on his Bivens claims. Id. at

pp. 14—15 (citing <u>Williams v. Brown</u>, 347 F. App'x 429, 436 (11th Cir. 2009)).

In his Objections to the Report and Recommendation, Plaintiff acknowledges that the Eleventh Circuit has interpreted Section 1997e(e) to preclude inmates from recovering compensatory and punitive damages for the violation of a constitutional right when they have not suffered physical injury. Dkt. No. 14, pp. 2—3. However, Plaintiff offers law from other Circuits on this point "to preserve the issue for *en banc* review by the Eleventh Circuit Court of Appeals or Certiorari review by the United States Supreme Court." <u>Id.</u> at pp. 3—7. This Court will follow binding Eleventh Circuit precedent, which Plaintiff acknowledges, and bar Plaintiff from recovering compensatory or punitive damages on his <u>Bivens</u> claims absent a showing of physical injury.

While Plaintiff acknowledges Section 1997e(e) and the Eleventh Circuit precedent in his Objections, he also attempts to dodge that authority through his Amended Complaint. Plaintiff amended his claims to allege a "health injury." Dkt. No. 15-1, pp. 11—13. Specifically, Plaintiff alleges that, as a result of Defendants' infringement on his religious practices, he and the other inmates have been required to share cigars during their religious ceremony. <u>Id.</u> He claims that, due to sharing the cigar, he has contracted an illness and has suffered

"throat pain; troubling [sic] swallowing; sinuses; Body Aches; Headaches; Chronic fatigue as one of the practitioners was sick with the flu." Id. at p. 12. He describes his ailments as "serious inhibition of the ability of Plaintiff to eat and chew hard foods, lack of ability to masticate without causing pain and suffering to the Plaintiff's throat; and the inability to engage in the normal life activities, including physical exercise, loss of nutrition deficiencies from inability to eat and chew." Id. Plaintiff contends that he suffered from these symptoms for over a month.

"In order to avoid dismissal under § 1997e(e), a prisoner's claims for emotional or mental injury must be accompanied by allegations of physical injuries that are greater than de minimis." Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1312-13 (11th Cir. 2002). "The meaning of the phrase 'greater than de minimis,' however, is far from clear." Chatham v. Adcock, 334 F. App'x 281, 284 (11th Cir. 2009). Nonetheless, courts have repeatedly held that an illness of the type that Plaintiff alleges in his Amended Complaint does not clear the Section 1997e(e) hurdle. See Jackson v. Hill, 569 F. App'x 697, 699 (11th Cir. 2014) (allegation that retaliation caused Plaintiff sleeplessness insufficient to state physical injury under Section 1997e(e)); Quinlan v. Personal Trans. Servs. Co., 329 F. App'x 246, 249 (11th Cir. 2009)(pretrial detainee's

complaints of headaches, difficulty breathing, temporary chest pain, and lingering back pain were not greater than *de minimis* and, therefore, did not provide the necessary physical injury to recover for mental and emotional injuries); Adcock, 334 F. App'x at 281 (claims of nausea, nightmares, and increased blood pressure insufficient to satisfy Section 1997(e)); Johnson v. Runnels, No. 2:04-cv-776, 2013 WL 3940884 (E.D. Cal. July 30, 2013) (coughing, sneezing, severe headaches, body aches, and throat pain not more than *de minimis* injuries); Rainey v. Huertas, No. 12-cv-01434, 2013 WL 491925 (D. Col. Jan. 17, 2013) (weight loss due to inability to chew not an injury more than *de minimis*); Hall v. Plumber Official, No. 10-20814, 2011 WL 1979721, at *14 (S.D. Fla. Apr. 26, 2011) (plaintiff's allegations of dehydration, severe diarrhea, gastroesophogeal reflux disease, chest pain, abdominal pain, bleeding gums, plaque buildup, depression, and constant, severe, and unnecessary pain did not show an injury greater than *de minimis*); Sanchez v. United States, No. 10-21435, 2010 WL 3199878 (S.D. Fla. Aug. 6, 2010) (loss of appetite, loss of sleep, and gastrointestinal distress insufficient to state physical injury under Section 1997e(e)); Bryant v. Lafourche Parish Det. Ctr., No 09-7345, 2010 WL 1979789 (E.D. La. Apr. 23, 2010) (finding flu-like symptoms *de minimis* injuries and summarizing cases finding same); White v. Simpson, No. 3-04-cv-

728, 2004 WL 2049306 (N.D. Tex. Sept. 13, 2004) (suffering flu-like symptoms insufficient to state more than *de minimis* physical injury); Carnell v. Multnomah Cty., 141 F. Supp. 2d 1046, 1053-54 (D. Or. 2001) (allegations of foot fungus, nose sores, constipation, and winter cold amounted only to *de minimis* injuries precluding relief for compensatory damages).

As these cases bear out, even accepting the facts stated in Plaintiff's Complaint and Amended Complaint as true, he has failed to allege a physical injury that is more than *de minimis*. Therefore, he cannot recover compensatory or punitive damages on his Bivens claims.

However, as Plaintiff correctly points out, the Eleventh Circuit has held that Courts should dismiss an inmate's punitive and compensatory damages claims under Section 1997e(e) without prejudice to allow an inmate to refile his claims when and if he is released. Harris v. Garner, 216 F.3d 970, 980 (11th Cir. 2004). Accordingly, the Court will dismiss Plaintiff's Bivens claims for compensatory and punitive damages without prejudice.

**B. Claims Under the Federal Tort Claims Act**

The Magistrate Judge recommended that the Court dismiss Plaintiff's official capacity claims for monetary damages. Dkt. No. 10, p. 5. In his Objections, Plaintiff stated that he is bringing claims under the Federal Tort Claims Act ("FTCA"), and

that Defendants are not immune to those claims in their official capacities. Dkt. No. 14, pp. 1, 7.

The FTCA waives the federal government's sovereign immunity as to negligent or wrongful actions by its employees within the scope of their official duties where a "private person[ ] would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). However, the Eleventh Circuit has made clear that "constitutional claims are not cognizable under the FTCA's jurisdictional provision, and the United States is not liable for damages under the FTCA for suits arising out of constitutional violations." Treece v. Wilson, 212 F. App'x 948, 951 (11th Cir. 2007) (citing FDIC v. Meyer, 510 U.S. 471, 478 (1994); Couden v. Duffy, 446 F.3d 483, 499 (3d Cir. 2005); and Williams v. United States, 242 F.3d 169, 175 (4th Cir. 2001)); see also Trupei v. United States, 239 F. App'x 489, 493-94 (11th Cir. 2007) (pro se prisoner's Eighth Amendment claim was not cognizable under the FTCA).

Here, Plaintiff's Complaint and Amended Complaint only assert constitutional claims. Indeed, Plaintiff states in his Objections that his Complaint "is premised on Constitutional violations under the First Amendment and the Equal Protection Clause of the United States Constitution." Dkt. No. 14, p. 3. These claims are not cognizable under the FTCA.

Furthermore, there are exceptions to the FTCA's waiver of sovereign immunity, and, of import in this case, is 28 U.S.C. § 2680(a), or the discretionary function exception. The FTCA does not apply to:

> Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether . . . such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether . . . the discretion involved be abused.

28 U.S.C. § 2680(a). "If the discretionary function exception applies, the FTCA claim must be dismissed for lack of subject matter jurisdiction." Lambert v. United States, 198 F. App'x 835, 839 (11th Cir. 2006). A two-part test is used to determine whether the discretionary function exception applies, and thus, whether a cause of action against the United States is barred. First, "the nature of the conduct" is considered, and then it is determined "whether [the conduct] involves an element of judgment or choice." Cohen v. United States, 151 F.3d 1338, 1341 (11th Cir. 1998) (internal punctuation and citation omitted). "Government conduct does not involve an element of judgment or choice, and thus is not discretionary, if 'a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow, because the employee has no rightful option but to adhere to the directive.'" Id. (quoting

Ochran v. United States, 117 F.3d 495, 499 (11th Cir. 1997)).

Second, "if the conduct at issue involves the exercise of judgment, [a court] must determine whether that judgment is grounded in considerations of public policy." Id. "In making this determination, [courts] do not focus on the subjective intent of the government employee or inquire whether the employee actually weighed social, economic, and political policy considerations before acting." Id. Instead, courts "focus on the nature of the actions taken and on whether they are susceptible to policy analysis." Id.

In this case, Plaintiff takes issue with Defendants' judgment and choices on issues that are grounded in questions of public policy. Cf. Cohen, 151 F.3d at 1342 (even if the Bureau of Prisons ("BOP") has "a general duty of care to safeguard prisoners, the BOP retains sufficient discretion in the means it may use to fulfill that duty to trigger the discretionary function exception.") Accordingly, the discretionary function exception to the FTCA's waiver of sovereign immunity precludes this Court from exercising jurisdiction over Plaintiff's FTCA claims.

Plaintiff's FTCA claims are also barred by the exception to the FTCA's waiver of sovereign immunity found at 28 U.S.C. § 1346(b)(2), or the physical injury exception. That subsection provides as follows:

> No person convicted of a felony who is incarcerated
> while awaiting sentencing or while serving a sentence
> may bring a civil action against the United States or
> an agency, officer, or employee of the Government, for
> mental or emotional injuries suffered while in custody
> without a prior showing of physical injury.

28 U.S.C. § 1346(b)(2). This statutory language mirrors, in large part, the physical injury requirement of 42 U.S.C. § 1997e(e). Therefore, the Court's above analysis of Plaintiff's claims under Section 1997e(e) applies with equal effect in this context. See Doe v. United States, No. CIV. 12-00640 ACK, 2014 WL 7272853, at *6 (D. Haw. Dec. 17, 2014) ("Given the similar language between §§ 1346(b)(2) and 1997e(e), the Court will rely upon cases interpreting either statute."); Michtavi v. United States, No. 4:07-CV-0628, 2009 WL 578535, at *5 n.2 (M.D. Pa. Mar. 4, 2009) (same). As explained above, even construing Plaintiff's Amended Complaint liberally, he fails to allege an adequate physical injury. Therefore, the physical injury exception provides yet another bar to Plaintiff's FTCA claims.

For all of these reasons, the Court **DISMISSES** Plaintiff's claims under the Federal Tort Claims Act.

### C. Eighth Amendment Claims

Throughout his pleadings, Plaintiff cites the First and Fourteenth Amendments as the bases for his Constitutional claims. However, in his Amended Complaint, he also makes brief mention of the Eighth Amendment. Dkt. No. 15-1, pp. 1, 12.

Thus, in an abundance of caution, the Court will assess whether Plaintiff states a viable claim for violation of the Eighth Amendment.

The cruel and unusual punishment standard of the Eighth Amendment requires prison officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care." Farmer v. Brennan, 511 U.S. 825, 832 (1994). Generally speaking, however, "prison conditions rise to the level of an Eighth Amendment violation only when they involve the wanton and unnecessary infliction of pain." Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004) (quotations omitted). Thus, not all deficiencies and inadequacies in prison conditions amount to a violation of a prisoner's constitutional rights. Rhodes v. Chapman, 452 U.S. 337, 349 (1981). The Constitution does not mandate comfortable prisons. Id. Prison conditions violate the Eighth Amendment only when the prisoner is deprived of "the minimal civilized measure of life's necessities." Id. at 347. However, "[c]ontemporary standards of decency must be brought to bear in determining whether a punishment is cruel and unusual." Bass v. Perrin, 170 F.3d 1312, 1316 (11th Cir. 1999).

"To be deliberately indifferent a prison official must know of and disregard 'an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm

exists, and he must also draw the inference.'" Id. (quoting

Purcell ex rel. Estate of Morgan v. Toombs Cty., 400 F.3d 1313,

1319-20 (11th Cir. 2005)). Whether a substantial risk of

serious harm exists so that the Eighth Amendment might be

violated involves a legal rule that takes form through its

application to facts. However, "simple negligence is not

actionable under § 1983, and a plaintiff must allege a conscious

or callous indifference to a prisoner's rights." Smith v. Reg'l

Dir. of Fla. Dep't of Corr., 368 F. App'x 9, 14 (11th Cir.

2010). In other words, "to find deliberate indifference on the

part of a prison official, a plaintiff inmate must show: (1)

subjective knowledge of a risk of serious harm; (2) disregard of

that risk; (3) by conduct that is more than gross negligence."

Thomas v. Bryant, 614 F.3d 1288, 1312 (11th Cir. 2010). A

medical need is serious if it "'has been diagnosed by a

physician as mandating treatment or [is] one that is so obvious

that even a lay person would easily recognize the necessity for

a doctor's attention.'" Goebert v. Lee Cty., 510 F.3d 1312,

1326 (11th Cir. 2007) (quoting Hill v. DeKalb Reg'l Youth Det.

Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994)).

Plaintiff alleges that Defendants have disregarded a risk

to his health by purchasing the wrong cigar filters for use

during his religious ceremonies. Dkt. No. 15-1, p. 12.

Plaintiff states that he told Defendant Harris about the problem

with the filters and that Defendant Harris refused to purchase new filters. Id. As a result, Plaintiff states he and other Santerian inmates have contracted the above-discussed illness from sharing the cigars. Id.

Plaintiff fails to satisfy the objective component of an Eighth Amendment claim because he has not identified a sufficiently serious risk to his health or safety. His contracting an undiagnosed illness with symptoms akin to the common cold or the flu simply does not rise to the level of the wanton and unnecessary infliction of pain contemplated by the Eighth Amendment. Glenn v. Kitchen, No. CV 111-082, 2011 WL 6997637, at *5 (S.D. Ga. Dec. 13, 2011) ("A common cold is not a sufficiently serious medical need to give rise to an Eighth Amendment violation."); see also Allen v. Bedard, No. 2:13-CV-787-FTM-29, 2013 WL 6231233, at *4 (M.D. Fla. Dec. 2, 2013) (plaintiff's allegations of contaminated air supply, common cold, breathing problems, and blood loss insufficient to implicate Eighth Amendment); Gaona v. Yates, No. 09cv-999-SKO PC, 2010 WL 2843163, at *3 (E.D. Cal. July 19, 2010) ("The risk of contracting flu-like symptoms is not the type of 'sufficiently serious,' wanton and unnecessary infliction of pain that is prohibited by the Eighth Amendment."); Cruz v. Schwarzenegger, No. 1:08-cv-352-OWW-SMS PC, 2008 WL 4330466, at *2 (E.D. Cal. Sept. 19, 2008) ("The facts that there is a risk

of developing Valley Fever if confined at Pleasant Valley State Prison and that Plaintiff contracted Valley Fever are insufficient to support a claim for violation of the Eighth Amendment. The risk of serious harm to Plaintiff's health or safety had to have been substantial.").

Consequently, to the extent that Plaintiff attempts to assert claims for violation of his Eighth Amendment rights, the Court **DISMISSES** those claims for failure to state a claim.

## CONCLUSION

Having conducted a *de novo* review of the entire record, including Plaintiff's Amended Complaint and his Objections, the Court concurs with the Report and Recommendation of the Magistrate Judge. Accordingly, the Report and Recommendation, as supplemented herein, is adopted as the opinion of the Court. The Court **DISMISSES** Plaintiff's claims for monetary damages against Defendants in their official capacities. The Court also **DISMISSES WITHOUT PREJUDICE** Plaintiff's Bivens claims for punitive and compensatory damages. Additionally, for the reasons stated above, the Court **DISMISSES** Plaintiff's Eighth Amendment claims, as well as his claims brought pursuant to the Federal Tort Claims Act. The Court **DENIES** Plaintiff's Request for Consolidation. Plaintiff's Bivens and RFRA claims will

proceed against Defendants in the manner set forth by the
Magistrate Judge.

SO ORDERED, this _____ 15 _____ day of _____ March _____ , 2016.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA