# In the United States District Court
# For the Southern District of Georgia
# Brunswick Division

| | |
|---|---|
| JAVIER ROSALES, | * |
| Plaintiff, | * CIVIL ACTION NO.: 2:15-cv-94 |
| v. | * |
| HARRELL WATTS; RAYMOND E. HOLT; SUZANNE R. HASTINGS; JOHN V. FLOURNOY; KEN HARRIS, JR.; and SAM KIRCHOFF, | * |
| Defendants. | * |

## ORDER

Before the Court is Plaintiff's Motion for Reconsideration. Dkt. No. 25. For the reasons set forth below, the Court **DENIES** Plaintiff's Motion.

## BACKGROUND

Plaintiff, a prisoner at the Federal Correctional Institution in Jesup, Georgia, believes and practices the Santeria religion. Dkt. No. 1, 15-1. Plaintiff alleges that Defendants have deprived him of the ability to practice his sincerely held religious beliefs. Id. Among other things, Plaintiff alleges that Defendants have forced him to share cigars with other Santerían inmates during their religious ceremonies. Dkt. No. 15-1, pp. 11-13. He claims that, due to

sharing cigars, he has contracted an illness and has suffered "throat pain; troubling [sic] swallowing; sinuses; Body Aches; Headaches; Chronic fatigue as one of the practitioners was sick with the flu." Id. at p. 12.

Pursuant to 28 U.S.C. § 1915A, the Magistrate Judge conducted the requisite frivolity review of Plaintiff's Complaint. Dkt. No. 8. The Magistrate Judge assessed Plaintiff's claims under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), and the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb. Id. In the resulting Report and Recommendation, the Magistrate Judge recommended that the Court dismiss Plaintiff's claims for monetary damages against Defendants in their official capacities and dismiss Plaintiff's Bivens claims for punitive and compensatory damages. Id. at pp. 8, 13-15.

However, the Magistrate Judge found that Plaintiff's allegations arguably state colorable RFRA claims for injunctive relief against Defendants in their official capacities and for monetary damages and injunctive relief against Defendants in their individual capacities. Id. at pp. 8-11. Additionally, the Magistrate Judge concluded that Plaintiff stated viable Bivens claims for injunctive relief against Defendants in their official capacities and for nominal damages and injunctive

relief against Defendants in their individual capacities. Id. at pp. 11-15.

Plaintiff subsequently filed Objections to the Magistrate Judge's Report and Recommendation and amended his Complaint. Dkt. Nos. 14, 15. On March 15, 2016, after an independent and *de novo* review of the entire case, including the Amended Complaint, the Court adopted the Magistrate Judge's Report and Recommendation. Dkt. No. 22. Among other things, the Court discussed at length whether Plaintiff stated a plausible claim for violation of his Eighth Amendment right to be free from cruel and unusual punishment. Id. at pp. 16-20. That discussion included analysis of Plaintiff's amended allegations regarding having to share cigars with other inmates. Id. Ultimately, the Court determined that Plaintiff had not stated an Eighth Amendment claim. Id.

In his Motion for Reconsideration, Plaintiff challenges the Court's dismissal of his Eighth Amendment claims. Dkt. No. 25. Plaintiff argues that the Court overlooked the risks to his health and that the Court took the position of being an "advocate" for Defendants. Id. He also states that it is not clear if his Eighth Amendment claims were dismissed with or without prejudice. Id. at p. 3.

## DISCUSSION

Rule 60(b) provides that a Court may relieve a party from a judgment or order in a limited number of circumstances, including: (1) mistake or neglect; (2) newly discovered evidence; and (3) fraud. Fed. R. Civ. P. 60(b)(1)-(5). Additionally, the catchall provision of Rule 60(b) authorizes relief from a judgment or an order based on "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) is an "extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984)(citation omitted).

The decision to grant a motion for reconsideration is committed to the sound discretion of the district court. Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health and Rehab. Servs., 225 F.3d 1208, 1216 (11th Cir. 2000). Motions for reconsideration are to be filed only when "absolutely necessary" where there is: (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact. Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003). "An error is not 'clear and obvious' if the legal issues are 'at least arguable.'" United States v. Battle, 272 F. Supp. 2d 1354, 1358 (N.D. Ga. 2003) (quoting Am. Home

Assurance Co. v. Glenn Estess & Assoc., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985)).

"In considering a motion for reconsideration, a court must balance the need for finality and judicial economy against the need to render just decisions." Whitesell Corp. v. Electrolux Home Prods., Inc., No. 1:03-cv-50, 2010 WL 4025943, at *7 (S.D. Ga. Oct. 13, 2010). Motions for reconsideration "should not be used to relitigate issues which have already been found lacking." Id. Motions for reconsideration are not appropriate to present the Court with arguments already heard and dismissed, to repackage familiar arguments, or to show the Court how it "could have done it better" the first time. Pres. Endangered Areas of Cobb's History, Inc. v. United States Army Corps of Eng'rs., 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), *aff'd* 97 F.3d 1242 (11th Cir. 1996).

Plaintiff's Motion for Reconsideration fails on the merits, because it does not meet any of the grounds for relief set forth above. Plaintiff does not address the Court's lengthy discussion of his Eighth Amendment claims or the numerous authorities cited therein. He does not cite any new evidence or change in legal authorities. Further, he does not establish that the Court made a clear error in law or fact. Rather, he rehashes allegations which this Court has already assessed.

As to Plaintiff's question of whether the dismissal of his Eighth Amendment claims was with or without prejudice, "[Federal Rule of Civil Procedure] 41(b) provides that, for any dismissal other than one for failure to join a party under Rule 19, improper venue, or lack of jurisdiction, the dismissal will operate as an adjudication on the merits." Marcus v. Postmaster Gen., U.S. Postal Serv. Se. Area, 461 F. App'x 820, 822 (11th Cir. 2011). Here, the Court dismissed Plaintiff's Eighth Amendment claims on the merits for his failure to state a claim upon which relief can be granted. Dkt. No. 22, pp. 16-20. That dismissal was with prejudice.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiff's Motion for Reconsideration. The Court's March 15, 2016, Order remains the Order of the Court.

**SO ORDERED**, this 17 day of July, 2016.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA