**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

| | |
|---|---|
| JAVIER ROSALES,<br><br>    Plaintiff,<br><br>    v.<br><br>HARRELL WATTS; RAYMOND E. HOLT; SUZANNE R. HASTINGS; JOHN V. FLOURNOY; KEN HARRIS, JR.; and SAM KIRCHOFF,<br><br>    Defendants. | CIVIL ACTION NO.: 2:15-cv-94 |

**ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATON**

Presently before the Court are Plaintiff's Motion for Preliminary Injunction, (doc. 27), and Defendants' Motion to Amend Answer to Amended Complaint, (doc. 40). For the reasons which follow, I **RECOMMEND** the Court **DENY** Plaintiff's Motion for Preliminary Injunction. The Court **GRANTS** Defendants' Motion to Amend.

**I.    Plaintiff's Motion for Preliminary Injunction (Doc. 27)**

Plaintiff filed a Motion for Preliminary Injunction asking this Court to "enter an order enjoining the Defendant's [sic] . . . from [ ] 'Imposing their Own 'gerrymandering policies', specifically, pertaining to the dictatorship of the practices of 'Santeria' in prison[.]" (Doc. 27, p. 1.) To be entitled to a preliminary injunction, the movant must show: (1) a substantial likelihood of ultimate success on the merits; (2) an injunction or protective order is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the injunction or protective order would inflict on the non-movant; and (4) the injunction or protective order would not be adverse to the public interest. Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223,

1225–26 (11th Cir. 2005). In this Circuit, an "injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites." Horton v. City of Augustine, Fla., 272 F.3d 1318, 1326 (11th Cir. 2001).

If a plaintiff succeeds in making such a showing, then "the court may grant injunctive relief, but the relief must be no broader than necessary to remedy the constitutional violation." Newman v. Alabama, 683 F.2d 1312, 1319 (11th Cir. 1982). Accordingly, where there is a constitutional violation in the prison context, courts traditionally are reluctant to interfere with prison administration, unless there is a clear abuse of discretion. See Procunier v. Martinez, 416 U.S. 396, 404–05 (1974) ("Traditionally, federal courts have adopted a broad hands-off attitude toward problems of prison administration [because] . . . courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform."), *overruled on other grounds by* Thornburgh v. Abbott, 490 U.S. 401 (1989). In such cases, "[d]eference to prison authorities is especially appropriate." Newman, 683 F.2d at 1320–21 (reversing district court's injunction requiring release of prisoners on probation because it "involved the court in the operation of the State's system of criminal justice to a greater extent than necessary" and less intrusive equitable remedy was available).

Plaintiff has not shown that he has satisfied the prerequisites in order to be entitled to a preliminary injunction or temporary restraining order. Specifically, Plaintiff has not shown the likelihood of success on the merits of his claims or that injunctive relief is necessary to prevent irreparable injury. Plaintiff has continued to practice his religion and continues to have access to cigars for his Spiritual Mass. (Doc. 29-1, p. 6; Doc. 35, p. 4.) Furthermore, because Plaintiff's request pertains specifically to prison policies governing how inmates may practice their religion while also maintaining order and security–a matter squarely within the realm of prison

2

administration–an order or injunction granting such relief on this record would be broader and more intrusive than necessary to remedy any potential constitutional violation. This is not to say that Plaintiff will not be able to ultimately obtain some form of injunctive relief in this case. However, he has not made the requisite showing at this time to obtain the extraordinary relief he currently seeks. Therefore, I **RECOMMEND** the Court **DENY** Plaintiff's Motion for a Preliminary Injunction.

## II. Defendant's Motion to Amend Answer to Amended Complaint (Doc. 40)

Under Federal Rule of Civil Procedure 15(a), a party may amend his answer once as a matter of right within twenty-one (21) days after service of the pleading. Even when a party may not amend as a matter of right, he may amend with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(b). "The court should freely give leave when justice so requires." Id. "The function of Rule 15(a), which provides generally for the amendment of pleadings, is to enable a party to assert matters that were overlooked or were unknown at the time he interposed the original complaint or answer." 6 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1473 (emphasis added); see also In re Engle Cases, 767 F.3d 1082, 1108 (11th Cir. 2014) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). While leave to amend is generally freely given, it is by no means guaranteed. The decision on whether to grant a motion to amend is within the sound discretion of the trial court. Addington v. Farmer's Elevator Mut. Ins. Co., 650 F.2d 663, 666 (5th Cir. 1981). In making this determination, a court should consider whether there has been undue delay in filing, bad faith or dilatory motives, prejudice to the opposing parties, and the futility of the amendment." Cooks v. United States, No. CV 114-195, 2015 WL 7069665, at *1 (S.D. Ga. Nov. 13, 2015) (quoting Saewitz v. Lexington Ins. Co., 133 F. App'x 695, 699 (11th Cir. 2005)).

Here, Defendants did not file their Motion to Amend within the twenty-one day window for filing as a matter of right. Nonetheless, allowing Defendants to amend their Answer as indicated in their Motion would not significantly delay this case or prejudice Plaintiff. (Docs. 40-1, 40-2.) In fact, Defendants' proposed Amended Answer would instead "remove any doubt . . . that [Plaintiff] should be prepared to oppose" Defendants' defense of exhaustion at the summary judgment stage.[1] Defendants' proposed changes "fortif[y] for the sake of clarification" Defendants' exhaustion defenses. Accordingly, for good cause shown, the Court **GRANTS** Defendants' Motion to Amend their Answer to Plaintiff's Amended Complaint. The Clerk of Court is **DIRECTED** to enter Defendants' Proposed Amended Answer, attached to Defendants' Motion as Document Numbered 40-1, on the docket of this case as Defendants' Amended Answer to Plaintiff's Amended Complaint.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** that the Court **DENY** Plaintiff's Motion for Preliminary Injunction, (doc. 27). The Court **GRANTS** Defendants' Motion to Amend Answer to Plaintiff's Amended Complaint, (doc. 40).

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28

---

[1] The Court advises Defendants that the determination of whether an inmate exhausted his available administrative remedies prior to filing a cause of action in federal court is a matter of abatement and should be raised in a motion to dismiss. Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008). "Because exhaustion of administrative remedies is a matter in abatement and not generally an adjudication on the merits, an exhaustion defense . . . is not ordinarily the proper subject for a summary judgment; instead, it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment." Id. at 1374–75 (internal citation omitted).

U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Plaintiff and Defendants.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 26th day of July, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA